CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 13 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 3:05CR00011 |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| JERRY RILEY MILLS, ) | By: B. WAUGH CRIGLER |
| ) | U.S. MAGISTRATE JUDGE |
| Defendant, ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with knowingly conspiring to commit the crime of perjury, to wit, having duly taken an oath before the Grand Jury sitting in Charlottesville, Virginia, an entity competent under the laws of the United States to administer an oath, that they would testify truly, did willfully and knowingly and contrary to said oath, testify to material matters that the defendant, and others, did not believe to be true, all in violation of 18 U.S.C. §§ 371 and 1621; in Count Seven, with knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, in violation of 18 U.S.C. §§ 2 and 1001; and, in Count Eight, with committing perjury as a witness before the aforesaid Grand Jury sitting in Charlottesville, Virginia, all in violation of 18 U.S.C. §§ 2 and 1621.[1]

On June 9, 2005, a plea hearing was conducted before the undersigned, and the defendant entered

---

[1] The precise nature of the allegedly false and perjurious statements is set forth in the Indictment at Count One, ¶ 5.

Case 3:05-cr-00011-NKM-BWC   Document 47   Filed 06/13/05   Page 1 of 8   Pageid#: 98

a plea of guilty to Count One of the Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Counts Seven and Eight upon acceptance of defendant's plea to Count One.

At this hearing the defendant was placed under oath and testified that his full legal name is Jerry Riley Mills, that he was born on August, 18, 1962, and that he completed the tenth grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he was subject to no other physical or mental condition that impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to this offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those

-2-

contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that, if his plea is accepted, he will be adjudged guilty of such offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Counts One, Seven and Eight, five years in prison and a $250,000 fine, together with supervised release, for each count. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his

counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he understood that, in recognition of his early decision to plead, the government will recommend a three-level (3) reduction under USSG § 3E1.1(a) for acceptance of responsibility, assuming that he meets the listed criteria at the time of sentencing. The defendant also stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own

       defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

Had this case proceeded to trial the government would have proved by competent and admissible evidence, beyond a reasonable doubt, that the defendant, Jerry Riley Mills, committed acts that constitute a violation of Count One of the Indictment before the Court in this case, a violation of Title 18, United States Code, Sections 371 and 1621.

Specifically, a portion of the government's evidence would have demonstrated that within the time period set forth in Count One of the Indictment, the defendant, along with Timothy Fennon Sampson and others, made an agreement to provide material and false information to a team of local, state, and federal, law enforcement officers who were investigating the triple homicide that is explained in the Indictment

-5-

Case 3:05-cr-00011-NKM-BWC   Document 47   Filed 06/13/05   Page 5 of 8   Pageid#: 102

(hereinafter "the task-force"), including an agreement for multiple witnesses to commit perjury as defined in Title 18, United States Code, Section 1621. On December 8, 2003, Mills met with members of the task-force in Greensboro, North Carolina, and provided them with material and false information about the investigation of the triple homicide described in the Indictment. On December 17, 2003, Mills traveled with members of the task-force investigating the triple homicide described in the Indictment to Bassett, Virginia, and provided them with material and false information. Between October 2003 and February 10, 2004, Mills, with Timothy Fennon Sampson, attempted to convince Michael Shane Holland to provide false information about the triple homicide described in the Indictment.

On April 28, 2004, in Charlottesville, Virginia, which is within the Western District of Virginia, Mills appeared as a witness before the Grand Jury investigating the triple homicide described in the Indictment, and, being under oath, by a body authorized to administer such an oath by the laws of the United States, testified falsely, knowing that his testimony was false, about matters that were material to the Grand Jury's investigation. Specifically, Mills testified as excerpted in the Indictment. A number of things were material to the investigation described in the Indictment, including: (a) who killed Michael Wayne Short and Mary Hall Short; (b) who abducted Jennifer Renee Short; (c) how Michael Wayne Short and Mary Hall Short were killed; (d) at what time Michael Wayne Short and Mary Hall Short were killed; (e) the vehicle driven by the person, or people, who killed Michael Wayne Short and Mary Hall Short and abducted Jennifer Renee Short; (f) whether there was an eye witness to the murders of Michael Wayne Short and Mary Hall Short and the abduction of Jennifer Renee Short; and (g) whether Mills and Timothy Fennon Sampson were present in the area of 10820 Virginia Avenue, Bassett, Virginia, when Michael Wayne Short and Mary Hall Short were killed and Jennifer Renee Short was abducted.

Lastly, the government would have proved beyond a reasonable doubt that defendant had no

-6-

Case 3:05-cr-00011-NKM-BWC   Document 47   Filed 06/13/05   Page 6 of 8   Pageid#: 103

applicable defense to this charge.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Count One of the Indictment, adjudge him guilty of that offense, and dismiss Counts Seven and Eight against him. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for September 19, 2005 at 10:30 a.m. before the presiding District Judge in Charlottesville.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The

presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
United States Magistrate Judge

June 13, 2005
Date